# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **DENNISE LABRADOR,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-cv-4891 |
| | § | |
| **FRANK BISIGNANO,** | § | |
| **COMMISSIONER OF THE** | § | |
| **SOCIAL SECURITY** | § | |
| **ADMINISTRATION,** | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM AND RECOMMENDATION**

Pending before the Court[1] is Defendant Frank Bisignano's ("Commissioner") Unopposed Motion to Remand. (ECF No. 14). The Commissioner asks the Court to remand this case under the fourth sentence of 42 U.S.C. § 405(g), for further administrative proceedings before the Social Security Administration Appeals Council. (*Id.* at 1–2).

The parties were advised of the undersigned's availability to exercise jurisdiction in this case pursuant to 28 U.S.C. § 636(c); however, the parties did not provide their consent. As a result, the undersigned is required to file a report and recommendation with respect to all dispositive matters, including

---

[1] On December 3, 2024, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 3).

motions to remand pursuant to the fourth sentence of 42 U.S.C. § 405(g).  *See Smith v. Saul*, No. 1:19-cv-148, 2019 WL 7377030, at *1 (N.D. Tex. Dec. 30, 2019), *report and recommendation adopted sub nom. Jeffery S. v. Saul*, No. 1:19-cv-148, 2020 WL 30353 (N.D. Tex. Jan. 2, 2020).

After reviewing the Commissioner's unopposed motion and the applicable law, the Court finds that a hearing on this motion is unnecessary and **RECOMMENDS** the Commissioner's Unopposed Motion to Remand (ECF No. 14) be **GRANTED**.  The Court **FURTHER RECOMMENDS** this case be **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further adjudication consistent with the Commissioner's motion.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on July 1, 2025.

_____
Richard W. Bennett
United States Magistrate Judge